**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-00148-REB

MARY ANN BENAVIDES,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed January 26, 2009, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of degenerative disc disease of the cervical spine, status post cervical fusion, and bilateral degenerative joint disease of the shoulders, status post operative intervention. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 5, 2007. At the time of the hearing, plaintiff was 43 years old. She has a tenth grade education and past relevant work experience as a nursing assistant and babysitter. She has not engaged in substantial gainful

activity since her amended alleged date of onset, July 15, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments, including depression and headaches, were found not severe, and plaintiff does challenge that determination on appeal.  The ALJ found that plaintiff had the residual functional capacity to perform light work with lift/carry, environmental, and postural limitations and that afforded her the ability to alternate sitting, standing, and walking every hour.  Although these findings precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the local and national economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

In a single ground of error, plaintiff contends that the ALJ improperly weighed and rejected the opinions of her treating physicians in favor of that of a consultative examiner in determining her residual functional capacity.  I disagree, and, therefore, affirm.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."

4

20 C.F.R. § 404.1527(d)(2); **Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. **Watkins**, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987).

The record contains two treating source opinions. The first, provided by Dr. C. Brad Sisson, a pain management specialist, stated that plaintiff's "[m]edical condition prohibits gainful employment. . . . She is totally disabled at this time and unable to work[.]" (Tr. 188.) This opinion is not entitled to any particular weight, let alone controlling weight, however, because it goes to the ultimate issue of disability, which is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); **Russell v. Astrue**, 2009 WL 4827489 at *4 (10th Cir. Dec. 16, 2009). Moreover, the ALJ noted that Dr. Sisson's opinion was not supported by his own treatment notes, the contrary medical opinions of record, or the objective medical evidence, which the ALJ recounted and assessed in extremely thorough detail. (Tr. 27, 29-30.)[1] Having, thus, given explicit, legitimate reasons for rejecting Dr. Sisson's opinion, the ALJ did not err in this regard.

A second treating source opinion was provided by Dr. Julia Trevino, who although opining that plaintiff would have lifting and carrying restrictions, was unable to quantify any such restrictions. She further noted that plaintiff's ability to sit, stand, and walk were unaffected. She imposed no postural limitations, saying she was unable to

---

[1] The depth of detail set forth in the ALJ's findings belies plaintiff's arguments both that the disability determination was merely a conclusion in the guise of findings, **cf. Hardman v. Barnhart**, 362 F.3d 676, 679 (10th Cir. 2004), and that the ALJ "cherry picked" the record for evidence favorable to his conclusions while ignoring contrary evidence, **cf. Robinson v. Barnhart**, 366 F.3d 1078, 1083 (10th Cir. 2004).

assess those factors, although she did suggest that plaintiff avoid reaching "as much as possible." She stated also that plaintiff would miss four or more days of work per month and one hour or more per day of productive time while at work due to her medical condition. (Tr. 195-197.)

The ALJ afforded Dr. Trevino's opinion partial weight insofar as it found plaintiff's ability to sit, stand, and walk to be unaffected, as such findings were consistent with those of the consultative examiner, Dr. Gregory Denzel. (Tr. 28, 191-194.) As for the other restrictions Dr. Trevino noted, however, the ALJ concluded that such opinions were conclusory and unsupported by the medical evidence. Instead, he found Dr. Denzel's report more comprehensive and persuasive, ultimately adopting the residual functional capacity assessment suggested by the consultative examiner. (Tr. 28.)[2] The ALJ gave specific, legitimate reasons for the weight he assigned to these competing opinions, and it is properly his province to resolve such conflicts in the evidence.[3] *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988). I, therefore, find no reversible error in the ALJ's weighing of the competing physician opinions here.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

---

[2] It is not clear how plaintiff comes to the conclusion that the ALJ misquoted Dr. Denzel's opinion that she "should also avoid sitting, standing or walking for more than an hour at a time without frequent rest periods" (Tr. 193), since the ALJ specifically noted that plaintiff's residual functional capacity included the requirement that she have "the opportunity to alternate sitting, standing, and walking positions every hour, as needed" (Tr. 24).

[3] Plaintiff also takes issue with the ALJ's reliance on her activities of daily living as evidence of a greater functional capacity than her subjective reports of pain and limitation suggested. Although a claimant's activities of daily living do not always translate well into a determination of what she can do on a sustained basis in the workplace, *see Thompson*, 987 F.2d at 1490, activities of daily living do bear on a claimant's credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations," *Nutting v. Astrue*, 2009 WL 2475125 at *4 (D. Colo. Aug. 11, 2009) (citation and internal quotation marks omitted). It was this latter, appropriate, context in which the ALJ referred to plaintiff's activities of daily living.

Dated February 23, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

7